# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MEDPLAST ELKHORN, INC.**
        **Plaintiff,**

    v.                                     Case No. 09C0593

**CYTOCORE, INC.,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Medplast Elkhorn, Inc. brought this breach of contract action against defendant Cytocore, Inc. in state court, and defendant removed the case based on diversity of citizenship. Plaintiff is a Wisconsin corporation with its principal place of business in Wisconsin, and defendant is a Delaware corporation with its principal place of business in Illinois. Plaintiff seek damages in excess of the jurisdictional minimum. Before me now is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that it entered into an agreement to produce certain equipment for defendant, which is in the business of developing screening systems to assist in the detection and treatment of cancer. Plaintiff further alleges that it performed various work pursuant to the agreement and billed defendant for its services but that defendant failed to pay the amount due.

In order to survive a Rule 12(b)(6) motion, plaintiff's complaint must provide the defendant with fair notice of what the claim is and the grounds upon which it rests, and it must plausibly suggest that the plaintiff has a right to relief. Bell Atl. v. Twombly, 127 S. Ct. 1955, 1965 (2007). I construe the complaint in the light most favorable to the plaintiff

and draw all reasonable inferences in plaintiff's favor. <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1091 (7th Cir. 2008).

Plaintiff's complaint contains three counts. The first alleges breach of contract, the second seeks declaratory relief, and the third claims unjust enrichment. Defendant argues that I should dismiss the first two counts because plaintiff fails to adequately allege that it performed the contractual obligations required of it as specified in Fed. R. Civ. P. 9(c). Defendant also argues that I should dismiss the third count because plaintiff cannot recover for both breach of contract and unjust enrichment.

As to whether plaintiff adequately alleges performance of conditions precedent, the rule is that plaintiff need only allege such performance generally. <u>Redfield v. Cont'l Cas. Corp.</u>, 818 F.2d 596, 610 (7th Cir. 1987). In paragraph 38 of its complaint, plaintiff alleges that "[e]ach purchase order described above constitutes a valid and fully enforceable contract . . . and Plaintiff has complied with all material provisions therein . . . ." This allegation sufficiently pleads plaintiff's performance of conditions precedent. As to defendant's objection to the complaint's third count, although plaintiff may not be able to recover on both breach of contract and unjust enrichment theories, at the pleading stage of a case, a plaintiff may allege alternative or hypothetical claims. <u>See</u> Fed. R. Civ. P. 8(d)(2)("[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically"); Fed. R. Civ. P. 8(d)(3)("[a] party may state as many separate claims or defenses as it has, regardless of consistency"). As the court has not yet reached the issue of contract existence, plaintiff is not required to jettison any possible theories of recovery.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.

2

Dated at Milwaukee, Wisconsin this 17 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge